IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN JOSEPH SIMMONS,

    Plaintiff,                        No. CIV S-09-3505 EFB P

    vs.

K. WILLIAMS, et al.,

    Defendants.                  ORDER

_____/

       Plaintiff, a state prisoner, proceeds pro se and in forma pauperis in a civil rights action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). After two dismissals pursuant to 28 U.S.C. § 1915A, plaintiff has filed a second amended complaint.

       Pursuant to § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

The court has reviewed plaintiff's most recent complaint pursuant to § 1915A and finds that it, too, fails to state a cognizable claim. The complaint names four defendants – K. Williams, James Walker, T. Virga, and C. Heintschel. The complaint purports to state Fourteenth Amendment Due Process claims as well as Eighth Amendment deliberate indifference claims. The complaint alleges the following:

In February of 2009, defendant Virga ended plaintiff's single cell status, despite plaintiff's objections and safety concerns. Defendant Walker should have known that plaintiff's safety was in jeopardy and should have allowed plaintiff to remain on single status. Plaintiff was subsequently housed in general population and celled with another inmate. Plaintiff's cellmate battered plaintiff during an attempted sexual assault.

In March of 2009, defendant Virga failed to protect plaintiff from being punished for reporting the attempted sexual assault. After the attempted sexual assault, defendant Williams submitted a false report charging plaintiff with battery on an inmate with a weapon. Williams failed to take plaintiff's statement, or to report the incident as an attempted sexual assault on plaintiff.

In April of 2009, plaintiff received a written disposition, signed by defendant Heintschel, indicating that plaintiff was guilty as charged based on the evidence presented at a hearing, and that plaintiff was assessed a loss of 360 days of credits. Heintschel conducted the disciplinary hearing in plaintiff's absence. Exhibit B to the complaint indicates that plaintiff declined to appear at the hearing and therefore waived his right to be present.

In May of 2009, plaintiff was denied a fair and impartial "ICC" hearing regarding the rules violation report drafted by defendant Williams, because Williams acted as captain of the committee panel members. Walker should have known that Williams was the reporting officer and should not have been permitted Williams to sit on the committee acting as a decision maker. Exhibit C to the complaint indicates that "ICC" is shorthand for the "Institutional Classification Committee." It also appears from Exhibit C that as a result of the ICC hearing, plaintiff received

2

an "adverse transfer."

It is plaintiff's responsibility to allege facts necessary to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 129 S. Ct. at 1948. Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

The allegations against defendant Walker fail under these standards, as plaintiff appears to name Walker as a defendant solely because of Walker's apparent position as a supervisor. The complaint does not allege facts showing that Walker personally participated in depriving plaintiff of any constitutional rights. The allegations against defendant Walker thus fail to state a cognizable claim.

The complaint alleges defendant Virga violated plaintiff's Eighth Amendment rights because he ended plaintiff's single cell status, which resulted in plaintiff being sexually assaulted by his cellmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury

1 suffered by one prisoner at the hands of another . . . translates into constitutional liability for
2 prison officials responsible for the victim's safety." *Id.* at 834.  A prison official may be held
3 liable for an assault suffered by one inmate at the hands of another only where the assaulted
4 inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501
5 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of
6 harm, *id.* at 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate
7 indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future
8 health." *Id.* at 834 (internal quotation omitted).  To be deliberately indifferent, the "official must
9 both be aware of facts from which the inference could be drawn that a substantial risk of serious
10 harm exists, and he must also draw the inference." *Id.*  "Whether a prison official had the
11 requisite knowledge of a substantial risk is a question of fact subject to demonstration in the
12 usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude
13 that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*
14 at 842.  The "obviousness of a risk," however, is not conclusive, and "a prison official may
15 demonstrate that the obvious escaped him . . ." *Id.* at 843, n.8.

16       The complaint does not allege facts showing that defendant Virga acted with the requisite
17 deliberate indifference when he discontinued plaintiff's single cell status.  The allegations
18 against defendant Virga thus fail to state a cognizable claim.

19       The complaint also alleges defendants Heintschel and Williams violated plaintiff's due
20 process rights.  To state a claim for violation of the right to procedural due process, plaintiff
21 must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property
22 interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078,
23 1085 (9th Cir. 2003).  It appears from the complaint and its exhibits that plaintiff lost good time
24 credits following the disciplinary hearing, and that he received an "adverse transfer" following
25 the ICC hearing.
26 ////

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67). Where an inmate is illiterate or the facts of the case are complex, he may be entitled to seek the aid of a fellow inmate or staff. *Wolff*, 418 U.S. at 570. The complaint does not allege facts showing plaintiff was denied due process with respect to the disciplinary hearing.

Nor does the complaint allege sufficient facts to show plaintiff was denied due process with respect to the ICC hearing. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Here, the complaint does not allege facts showing the ICC hearing resulted in a dramatic departure from the basic conditions of his sentence.

Accordingly, plaintiff's second amended complaint must be dismissed. The court will grant plaintiff one final opportunity to amend his complaint so as to state a viable claim. Any amended complaint must cure the deficiencies identified above and adhere to the following requirements:

Any amended complaint shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant.

1  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include
2  "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).
3      Any amended complaint must be complete in itself without reference to any prior
4  pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once
5  plaintiff files an amended complaint, the original pleading is superseded.
6      It must show that the federal court has jurisdiction and that plaintiff's action is brought in
7  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
8  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
9  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
10 Johnson, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a
11 constitutional right if he does an act, participates in another's act or omits to perform an act he is
12 legally required to do that causes the alleged deprivation).
13     Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an
14 amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
15 complaints).
16     Accordingly, the court hereby orders that the complaint is dismissed with leave to amend
17 within 30 days.  The amended complaint must bear the docket number assigned to this case and
18 be titled "Third Amended Complaint."  Failure to comply with this order will result in this action
19 being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a
20 cognizable claim the court will proceed with service of process by the United States Marshal.
21 Dated:  November 14, 2011.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE