IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN JOSEPH SIMMONS,

      Plaintiff,                      No. CIV S-09-3505 EFB P

    vs.

K. WILLIAMS, et al.,

      Defendants.          ORDER

                              /

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After three dismissals pursuant to 28 U.S.C. § 1915A(a), plaintiff has filed a third amended complaint.

**I.    Screening Requirements and Standards**

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**II.     Procedural History**

Plaintiff's original complaint was screened by the court on September 10, 2010 and dismissed, with leave to amend, for failure to state a cognizable claim.  Dckt. No. 25.  Plaintiff's original complaint concerned his housing in the general prison population with a cellmate who attempted to sexually assault him, and plaintiff's subsequent placement in administrative segregation after he was falsely charged with battery on an inmate with a weapon.  In its initial screening order, the court informed plaintiff that his allegations failed to show that any defendant acted with deliberate indifference to plaintiff's safety or medical needs, and informed plaintiff of the following:

> The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim defendants provided constitutionally inadequate medical care in violation of the Eighth Amendment, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835-37. Neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

Dckt. No. 25 at 4. In dismissing the complaint with leave to amend, the court informed plaintiff that any amended complaint must show that the federal court has jurisdiction, that plaintiff is entitled to relief if plaintiff's allegations are true, and that contains a request for particular relief. The court further informed plaintiff that he must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The court also warned plaintiff that he may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Plaintiff's first amended complaint was screened by the court on November 15, 2010 and also dismissed, with leave to amend, for failure to state a cognizable claim. Dckt. No. 29. The amended complaint failed to cure the deficiencies identified by the court in its initial screening order. Plaintiff alleged that Walker "failed to create a safe living environment . . . when [ ] plaintiff was injured during an attempted sexual assault." Dckt. No. 27 at 5. Plaintiff alleged

further that Walker "failed to properly train and . . . supervise defendant T. Virga when defendant T. Virga failed to protect plaintiff from injuries during an attempted sexual assault by another prison inmate," and that Walker was "indifferent to [ ] plaintiff's treatment when . . . [he] failed to properly train and failed to properly supervise defendant K. Williams, when defendant K. Williams failed to enforce the law and failed to enforce regulations and procedure after [ ] plaintiff was injured during an attempted sexual assault." *Id.* at 5-6. Plaintiff alleged that his claims were based on a theory of respondeat superior, that is, that defendants were liable based on their supervisory roles. *Id.* at 10. The court's second screening order informed plaintiff that his allegations were improperly set forth in an entirely conclusory manner and were not supported by sufficient factual allegations. Dckt. No. 29. The court reminded plaintiff that it is his responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The court also noted that plaintiff's allegations were so vague and conclusory that there was no factual basis from which to infer that defendants were deliberately indifferent to plaintiff's safety or medical needs. The court again dismissed the complaint with leave to amend, and again warned him that he may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's second amended complaint was screened by the court on November 15, 2011, and it too was dismissed, with one final opportunity to amend, for failure to state a cognizable claim. Dckt. No. 35. The court's screening order provided as follows:

> The court has reviewed plaintiff's most recent complaint pursuant to § 1915A and finds that it, too, fails to state a cognizable claim. The complaint names four defendants – K. Williams, James Walker, T. Virga, and C. Heintschel. The complaint purports to state Fourteenth Amendment Due Process claims as well as Eighth Amendment deliberate indifference claims. The complaint alleges the following:
>
> In February of 2009, defendant Virga ended plaintiff's single cell status, despite plaintiff's objections and safety concerns. Defendant Walker should have known that plaintiff's safety was in jeopardy and should have allowed plaintiff to remain on single status. Plaintiff was subsequently housed in general population

4

and celled with another inmate. Plaintiff's cellmate battered plaintiff during an attempted sexual assault.

In March of 2009, defendant Virga failed to protect plaintiff from being punished for reporting the attempted sexual assault. After the attempted sexual assault, defendant Williams submitted a false report charging plaintiff with battery on an inmate with a weapon. Williams failed to take plaintiff's statement, or to report the incident as an attempted sexual assault on plaintiff.

In April of 2009, plaintiff received a written disposition, signed by defendant Heintschel, indicating that plaintiff was guilty as charged based on the evidence presented at a hearing, and that plaintiff was assessed a loss of 360 days of credits. Heintschel conducted the disciplinary hearing in plaintiff's absence. Exhibit B to the complaint indicates that plaintiff declined to appear at the hearing and therefore waived his right to be present.

In May of 2009, plaintiff was denied a fair and impartial "ICC" hearing regarding the rules violation report drafted by defendant Williams, because Williams acted as captain of the committee panel members. Walker should have known that Williams was the reporting officer and should not have been permitted Williams to sit on the committee acting as a decision maker. Exhibit C to the complaint indicates that "ICC" is shorthand for the "Institutional Classification Committee." It also appears from Exhibit C that as a result of the ICC hearing, plaintiff received an "adverse transfer."

It is plaintiff's responsibility to allege facts necessary to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 129 S. Ct. at 1948. Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

The allegations against defendant Walker fail under these standards, as plaintiff appears to name Walker as a defendant solely because of Walker's apparent position as a supervisor. The complaint does not allege facts showing that Walker personally participated in depriving plaintiff of any constitutional rights. The allegations against defendant Walker thus fail to state a cognizable claim.

The complaint alleges defendant Virga violated plaintiff's Eighth Amendment rights because he ended plaintiff's single cell status, which resulted in plaintiff being sexually assaulted by his cellmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. The "obviousness of a risk," however, is not conclusive, and "a prison official may demonstrate that the obvious escaped him . . ." *Id.* at 843, n.8.

The complaint does not allege facts showing that defendant Virga acted with the requisite deliberate indifference when he discontinued plaintiff's single cell status. The allegations against defendant Virga thus fail to state a cognizable claim.

The complaint also alleges defendants Heintschel and Williams violated plaintiff's due process rights. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). It appears from the complaint and its exhibits that plaintiff lost good time credits following the disciplinary hearing, and that he received an "adverse transfer" following the ICC hearing.

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67). Where an inmate is illiterate or the facts of the case are complex, he may be entitled to seek the aid of a fellow inmate or staff. *Wolff*, 418 U.S. at 570. The complaint does not allege facts showing plaintiff was denied due process with respect to the disciplinary hearing.

6

>Nor does the complaint allege sufficient facts to show plaintiff was denied due process with respect to the ICC hearing.  "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.  Here, the complaint does not allege facts showing the ICC hearing resulted in a dramatic departure from the basic conditions of his sentence.
>
>Accordingly, plaintiff's second amended complaint must be dismissed.  The court will grant plaintiff one final opportunity to amend his complaint so as to state a viable claim.

Dckt. No. 35 at 2-5.  Now before the court is plaintiff's third amended complaint.  Dckt. No. 36.

**III.   Third Amended Complaint**

Plaintiff's third amended complaint does not cure the deficiencies identified in the court's multiple screening orders.  It contains almost no factual allegations and thus fails to state a cognizable claim for relief under section 1983.  The bulk of the complaint consists solely of quotations, references, and citations to statutes, the Federal Rules of Civil Procedure and case law.  The few factual allegations appear to relate to plaintiff's criminal conviction and state prison sentence and assert claims of ineffective assistance of counsel and denial of the right to a fair trial. *See* Dckt. No. 36 at 13-18 (alleging that his birth certificate is proof that he is immune from unlawful imprisonment, and that his conviction was the result of false and perjured evidence).  Plaintiff improperly attempts to change the nature of this suit by now challenging the validity of his current conviction and sentence, and by naming as defendants the judge and attorneys allegedly involved in his criminal proceedings.  *See* Dckt. No. 36 at 26-28.  Plaintiff's challenge to his state criminal proceedings must be pursued by habeas.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

7

**IV.     Order**

The third amended complaint must be dismissed for failure to state a claim. Despite several opportunities to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile. Accordingly, the court will dismiss the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, the court hereby orders that plaintiff's third amended complaint is dismissed for failure to state a claim and the Clerk is directed to close this case.

DATED: April 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE